UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ETHAN WINDOM,<br><br>                Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:12-cv-00468-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Idaho state prisoner Ethan Windom's Petition for Writ of Habeas Corpus. (Dkt. 1.) Petitioner raises a single claim in his Petition—that his fixed life sentence is unconstitutional under the Eighth Amendment. Respondent Randy Blades, warden of the prison in which Petitioner is confined, previously filed a motion for summary dismissal, contending that Petitioner's Eighth Amendment claim was procedurally defaulted. (Dkt. 10.)

On January 7, 2014, the Court determined that it would deem moot Respondent's motion for summary dismissal and that it intended to dismiss the Petition on the merits. (Dkt. 16). The Court set forth its reasons for concluding that Petitioner was not entitled to relief on his Eighth Amendment claim and allowed the parties to respond to the Court's analysis. (*Id.*) The parties have now done so.

**MEMORANDUM DECISION AND ORDER  1**

For the reasons that follow, the Court reaffirms its analysis that Plaintiff is not entitled to relief on his Eighth Amendment claim, whether under the standards articulated in 28 U.S.C. § 2254(d) or under de novo review. Therefore, the Petition will be dismissed on the merits and with prejudice.

## DISCUSSION

Petitioner was 16 years old when he killed his mother. He pleaded guilty to second-degree murder with no sentencing recommendation. Petitioner was sentenced to fixed life—life imprisonment without the possibility of parole.

As the Court explained in its previous Order, Petitioner's *nonmandatory* fixed life sentence, imposed after a conviction for *homicide*, does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Graham v. Florida*, 560 U.S. 48 (2010) (holding that the Constitution prohibits the imposition of a life-without-parole sentence on a juvenile offender who did not commit homicide); *see also Miller v. Alabama*, 132 S. Ct. 2455, 2475 (2012) ("*Graham*, *Roper*, and our individualized sentencing decisions make clear that a judge or jury must have the *opportunity* to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that *all children* convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the *mandatory* sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment." (emphasis added)). The Court adopts its previous analysis on

Petitioner's Eighth Amendment claim and incorporates it herein by reference. (*See* Dkt. 16.)

In his response to the Court's January 7 Order, Petitioner alleges that the sentencing judge did not consider all of the circumstances when she imposed the fixed life sentence, including that juveniles should not be held to the same standards as adults with respect to sentencing. But as the Court previously recognized, the judge did, in fact, consider all of the relevant circumstances, including Petitioner's youth and alleged mental illness. (State's Lodging B-1 at 6.)

There is no doubt that a fixed life sentence for one so young is severe—indeed, because the Eighth Amendment prohibits the imposition of a death sentence upon individuals who committed their crimes as juveniles, *Roper v. Simmons*, 543 U.S. 551, 575 (2005), life imprisonment without the possibility of parole was the harshest possible sentence in this case. But there is nothing in the Eighth Amendment that prohibits a sentencing judge from imposing a nonmandatory fixed life sentence on a convicted murderer.

Therefore, the Court will dismiss the Petition.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 17) is GRANTED. Respondent's response (Dkt. 19) is deemed timely.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED on the merits, and this entire action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **August 13, 2014**

Honorable Edward J. Lodge
U. S. District Judge